# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-292V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARK A. SIBLEY, as personal representative of
the Estate of PAUL L. SIBLEY

            Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

            Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: January 15, 2014

Decision by Stipulation; Damages;
Influenza Vaccine; Guillain-Barre
Syndrome (GBS)

<u>Diana S. Sedar</u>, Sarasota, FL, for Petitioner

<u>Melonie J. McCall</u>, Washington, DC, for Respondent

## **DECISION AWARDING DAMAGES**[1]

      On May 10, 2011, Petitioner Mark A. Sibley, as personal representative of the estate of the vaccinee, Paul L. Sibley, deceased, filed a petition seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program").[2] Petitioner is alleging that the

---

[1] Because this decision contains a reasoned explanation for my action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. <u>Id.</u>

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

vaccinee suffered Guillain-Barre Syndrome ("GBS") and its related sequelae as a result of receiving an influenza ("flu") vaccine on October 15, 2009. Petitioner further contends that the GBS and related sequelae eventually lead to the vaccinee's death.

Respondent denies that the vaccinee's GBS, any related sequelae, and eventual death were caused by the receipt of the flu vaccine.  Nonetheless, both parties, while maintaining their above stated positions, agreed in a stipulation filed January 13, 2014, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file and, based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

> A lump sum of $150,000.00, which amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), in the form of a check payable to petitioner, Mark A. Sibley, as legal representative of Paul L. Sibley, deceased.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount to be made to Petitioner in the amount set forth above.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.